UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV-168-R

OHIO FARMERS INSURANCE COMPANY                                              PLAINTIFF

v.

JOHN PAUL EDWARDS                                                                       DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on a Motion for Declaratory Judgment by Plaintiff Ohio Farmers Insurance Company ("Ohio Farmers"). Both parties filed briefs (Dkt. Nos. 12 and 13) and responsive briefs (Dkt. Nos. 14 and 15), and this matter is now ripe for decision.

### DISCUSSION

Ohio Farmers filed this action seeking a declaration that it has no duty to defend or indemnify its insured, John Paul Edwards. Mr. Edwards is currently the defendant in a civil suit brought against him in Adair Circuit Court by a Ms. Peggy Helm, seeking compensation for injuries he caused her during an altercation in June of 2001. That incident also gave rise to a criminal suit against Mr. Edwards, in which he was charged with and convicted of committing fourth-degree assault in violation of KRS 508.030. That statute provides, in relevant part, that: "[a] person is guilty of assault in the fourth degree when: (a) He intentionally or wantonly causes physical injury to another person; or (b) With recklessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument." The evidence indicates that the incident involved Mr. Edwards climbing onto the bed of Ms. Helm's truck and grabbing her throat with both hands, after which she fell from the truck and sustained, allegedly, both mental

and physical injuries.  There is no evidence to indicate, and neither party asserts, that a deadly weapon or dangerous instrument was involved, so the conviction was based upon the jury's belief that Mr. Edwards intentionally or wantonly caused physical injury to Ms. Helm. Ohio Farmers asserts that this conviction means that, as a matter of law, Mr. Edwards' actions fall under one of the policy exclusions and that it is therefore not required to defend him.

The policy in question provides coverage for the amount an insured is legally obligated to pay as a result of causing bodily injury or property damage, if the injury or damage was caused by an "occurrence." (Defendant's Brief, Dkt. # 12, at 3).  The policy defines "occurrence" as "an accident, including continuous or repeated exposure to the same harmful conditions." *Id.* For injury or damage caused by intentional acts, the policy specifically excludes coverage, providing that "[t]his insurance does not apply to ... bodily injury or property damage expected or intended from the standpoint of the insured." (*Id.*; internal quotation marks and emphasis omitted).  The issue in this case, then, is whether the exclusion applies to the actions taken by Mr. Edwards towards Ms. Helm.  Mr. Edwards attempts to avoid the default judgment by arguing that there is an issue of fact as to what his actions were and by pointing to Ms. Helm's inclusion of the charge of negligence in her complaint.  However, neither of these things is sufficient to overcome the conclusion that Mr. Edwards' acts fall under the policy exclusion.

Kentucky law counsels that the Court apply three tests in determining whether an act falls into this type of policy exclusion:

> (1) It is necessary that the insured intend both the act as well as intending to cause bodily injury in order for the exclusion to apply.
> (2) Intent may be actual or inferred by the nature of the act and the accompanying reasonable foreseeability of harm.
> (3) Once it is found that harm was intended, it is immaterial that the actual harm caused is of a different character or magnitude than that intended.

*Willis v. Hamilton Mut. Ins. Co.*, 614 S.W.2d 251, 252 (Ky. 1981).  In applying the tests, Kentucky law is also clear "that the coverage question will turn on the true facts as judicially determined and not on the claims of either party, or on the allegations of the complaint against the putative insured."  *Cincinnati Ins. Co. v. Vance*, 730 S.W.2d 521, 524 (Ky.1987).  Therefore, we look to the elements of the assault charge, not Ms. Helm's complaint or Mr. Edwards's affidavit testimony, to determine whether there is coverage.

The fourth-degree assault conviction constitutes a judicially-determined fact that Mr. Edwards either intentionally or wantonly caused physical injury to Ms. Helm.  Kentucky law defines, in relevant part, these two mental states as follows:

> (1) "Intentionally" - A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause that result or to engage in that conduct.
> (3) "Wantonly" - A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

KRS 501.020.  These two mental states correlate with the language in the policy which excludes injury "intended" or "expected" by the insured.  As to the three-part test from *Willis*, then, the Court finds that Mr. Edwards intended his actions - i.e., to climb into the bed of Ms. Helm's truck and to grab her.  The Court also finds that the circumstances surrounding this intentional act are such that it is proper to infer from them the intent to cause bodily injury.  *Willis*, *supra*; *Walker v. Economy Preferred Ins. Co.* 909 S.W.2d 343 (Ky. App. 1995).   Mr. Edwards was convicted of KRS 503.030, fourth-degree assault, which requires a finding that "he intentionally or wantonly causes physical injury to another person."  Plaintiff argues that a finding of

"wantonly" leaves open a subsequent argument of negligence.  Plaintiff argues that "[i]n this case, it is the contention that Mr. Edwards did not intend to cause bodily injury," nor did he "cause her to have any injury."  (Plaintiff's Reply, Dkt. # 15, at 3).

The conviction of fourth-degree assault required a finding of "intentionally or wantonly" causing physical injury to another person.  Consequently, the criminal jury found Edwards caused physical injury.  The definition of "wantonly" under the statute clearly invokes the exclusions of the policy.  One can and should expect injury from wanton conduct.

That the injuries actually sustained by Ms. Helm were apparently caused by her fall from the truck and not the act of grabbing itself, according to part three of the test from *Willis*, does not remove the actions from the exemption provision.

The finding of the criminal jury of intentional or wanton conduct which caused physical injury to another precludes relitigation of the issues involving the coverage exclusion.  See *Parsley v. Kentucky Farm Bureau Mutual Ins. Co.*, 32 S.W.3d 103 (Ky. Ct. App. 2000).

## CONCLUSION

For the reasons above, the Court finds that the policy does not obligate Ohio Farmers to defend or indemnify Mr. Edwards as a result of his actions toward Ms. Helm in June 2001.  Therefore, the Motion for Declaratory Judgment shall be **GRANTED**.  An appropriate order shall issue.